FILED

IN THE UNITED STATES DISTRICT COURT  2017 JUN -8  PM 3: 39
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AUGUSTUS MCCRAY,

    Plaintiff,

CASE NO.: 3:17-cv-655-J-39MCR

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, AUGUSTUS MCCRAY, by and through the undersigned counsel, and sues Defendant, DIVERSIFIED CONSULTANTS, INC. (hereinafter referred to as "DIVERSIFIED"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like DIVERSIFIED from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings

1

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2),

as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Washington County, Mississippi.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, DIVERSIFIED, is a corporation which was formed in the State of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256 and which conducts business in the State of Florida through its registered agent, John Crawford, Resq, located at 1200 Riverplace Boulevard, Suite 800, Jacksonville, Florida 32207.

11. DIVERSIFIED called Plaintiff approximately seventy (70) times in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls DIVERSIFIED made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received from DIVERSIFIED.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (662) ***-9507, and was the called party and recipient of DIVERSIFIED's calls.

14. DIVERSIFIED placed an exorbitant number of automated calls to Plaintiff's cellular telephone (662) ***-9507, in an attempt to collect on a cable television debt.

15. On several occasions over the last four (4) years, Plaintiff instructed DIVERSIFIED's agent(s) to stop calling his cellular telephone.

16. On one such occasion, Plaintiff revoked his consent to be called by DIVERSIFIED by telling the agent "I have a financial hardship right now. I want to keep my cable. I'll contact you when I can. If y'all don't mind, don't call my cell phone because I am going through enough." Each call DIVERSIFIED made to Plaintiff's cell phone after revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

17. Despite Plaintiff informing DIVERSIFIED to stop calling DIVERSIFIED's autodialer calls to Plaintiff's cellular phone continued. Between March 13, 2017 and April 18, 2017, Plaintiff made a non-exclusive log of twenty one (21) calls he received from DIVERSIFIED. Due to the volume and time period over which he received automated calls, Plaintiff was not able to properly catalogue each and every call from DIVERSIFIED; however, attached hereto as Exhibit A is a small sampling.

18. Plaintiff estimates approximately seventy (70) calls to his cell phone post-revocation.

19. The autodialer calls from DIVERSIFIED came from telephone numbers including but not limited to (901) 453-3386, (901) 453-3410, (901) 453-3376; and (901) 453-3413, and when those numbers are called a pre-recorded voice or agent answers and identifies the number as belonging to DIVERSIFIED.

20. DIVERSIFIED knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to two (2) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

21. DIVERSIFIED has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

22. DIVERSIFIED has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or DIVERSIFIED, to remove the number.

23. DIVERSIFIED's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to DIVERSIFIED they do not wish to be called.

24. DIVERSIFIED has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

25. DIVERSIFIED has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

26. DIVERSIFIED has had numerous complaints against it from consumers across the country asking to not be called; however, DIVERSIFIED continues to call these individuals.

27. DIVERSIFIED's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from DIVERSIFIED's call list.

28. DIVERSIFIED has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

29. Not one of DIVERSIFIED's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

30. DIVERSIFIED willfully and/or knowingly violated the TCPA with respect to Plaintiff.

31. From each and every call placed without express consent by DIVERSIFIED to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

32. From each and every call without express consent placed by DIVERSIFIED to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from DIVERSIFIED's call.

33. From each and every call placed without express consent by DIVERSIFIED to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every call placed without express consent by DIVERSIFIED to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by DIVERSIFIED to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

36. Each and every call placed without express consent by DIVERSIFIED to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

37. Each and every call placed without express consent by DIVERSIFIED to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

38. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, embarrassment, distress and aggravation. Further, Plaintiff suffers from high blood pressure and is at a high risk for strokes having suffered a stroke in the past, which conditions were worsened due to the phone calls. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I

### (Violation of the TCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty eight (38) as if fully set forth herein.

40. DIVERSIFIED willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified DIVERSIFIED that Plaintiff wished for the calls to stop

41. DIVERSIFIED repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Augustus McCray, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DIVERSIFIED CONSULTANTS, INC., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff